# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**CAROL F. GRASSA,**<br><br>　　　　　　　　　**Debtor**<br>_____<br><br>**JOSEPH BRAUNSTEIN, as he is**<br>　　**Chapter 7 Trustee,**<br><br>　　　　　　　　　**Plaintiff**<br><br>v.<br><br>**CAROL F. GRASSA, Individually and as**<br>　　**she is Trustee of the Grassa Family**<br>　　**Realty Trust, and**<br>**NICHOLAS J. GRASSA, SR.,**<br><br>　　　　　　　　　**Defendants** | Chapter 7<br>Case No. 04-18292-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 04-1448 |

### MEMORANDUM OF DECISION ON
### PLAINTIFF'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

By his complaint in this adversary proceeding, the chapter 7 trustee, Joseph Braunstein ("the Plaintiff"), seeks to recover for the bankruptcy estate certain real property that the debtor, Carol F. Grassa ("Carol" or "the Debtor"), held only as trustee of the Grassa Family Realty Trust and which, shortly before her bankruptcy filing, she (as trustee) transferred to her husband, defendant Nicholas J. Grassa, Sr. ("Nicholas"), for virtually no consideration. On the Plaintiff's first motion for summary judgment, the Court denied summary judgment as to the Plaintiff's count under 11 U.S.C. § 548(a)(1)(B) for avoidance of the transfer as constructively fraudulent, but the Court also determined that the Plaintiff had established four of the five elements that the Trustee must establish for his count under § 548(a)(1)(B), the sole exception being the

requirement that the debtor have received less than reasonably equivalent value.[1]  By a supplemental motion for summary judgment, the Plaintiff now seeks to establish this last element and, with it, a right to judgment as to the count under § 548(a)(1)(B).  For the following reasons, the Court will grant the motion.

The Plaintiff has adduced evidence (i) that at the time of the transfer, the property had a fair market value of $300,000 and was encumbered by liens in the amount of only $50,000, for net equity of $250,000, and (ii) that the consideration paid for the transfer was only one dollar.  The Defendants do not dispute the amount of the encumbrances or of the consideration paid.  They challenge only the appraisal of the property, pointing out that the appraiser did not have access to the interior of the structure, and that the comparable properties used in the valuation process were "of colonials and not of cape houses."[2]  They offer no appraisal of their own and no expert testimony or other evidence on the subject; nor do they take an alternate position on the value of the property.  On summary judgment, the Court may not make findings of fact but must assess the evidence in the light most favorable to the nonmoving party.  Here, even so construed, there is no genuine issue of material fact.  The fact that the appraiser used colonial-style houses as comparisons is not inappropriate as the subject property is itself a colonial.  And the fact that the appraiser did not see the interior—which the appraiser himself concedes—cannot make a

---

[1] The Court's rulings on the earlier motion are set forth in a memorandum of decision issued on March 13, 2007.  I incorporate those rulings herein by reference.

[2] The Defendants' principal basis for opposition to the motion for summary judgment is that the property at issue belonged not to the Debtor but to a trust of which she was trustee, and therefore that the transfer cannot have been a transfer of "an interest of the debtor in property," as required by § 548(a)(1)(B).  This argument was addressed and rejected on the Plaintiff's original motion for summary judgment.  In the order resolving that motion, the Court ruled that the "interest of the debtor in property" requirement was deemed established for purposes of trial.  The Defendants state no cause to revisit the issue.

difference of the magnitude necessary for the Defendants to prevail. The Defendants do not contend that the property is not habitable or even that a view of the interior would make any difference at all. I therefore conclude that the property was transferred for less than reasonably equivalent value and that the transfer may be avoided under § 548(a)(1)(B). Accordingly, under 11 U.S.C. § 550(a)(1), the Plaintiff chapter 7 trustee may recover, for the benefit of the estate, the property transferred from the initial transferee, defendant Nicholas J. Grassa, Sr.

**ORDER**

For the reasons set forth above, the Plaintiff's Supplemental Motion for Summary Judgment is hereby granted.

The trial is scheduled for January 16, 2008. In the Joint Pretrial Memorandum, the Plaintiff states that if the Court allows this motion for summary judgment, a trial will not be necessary. However, the amended complaint includes other counts and theories of recovery that have been neither withdrawn nor adjudicated. If the Plaintiff withdraws these counts, the Court will cancel the trial and enter judgment for the Plaintiff on Count IV, the Plaintiff's count under § 548(a)(1)(B). Otherwise, the trial will go forward as scheduled.

Date: January 4, 2008       _____
                            Robert Somma
                            United States Bankruptcy Judge